IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SADIE TURNER | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: |
| v. | : |
| WERNER ENTERPRISES, INC. | : |
| Defendants. | : |

## NOTICE OF REMOVAL OF ACTION

Defendant, Werner Enterprises, Inc., by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully aver as follows:

1. Plaintiff commenced a civil action against defendant in the Court of Common Pleas of Philadelphia County, Pennsylvania, by filing a complaint and summons on or around April 24, 2019. (See Summons and Complaint, attached as Exhibit A).

2. The Summons and Complaint were received by Defendant, Werner Enterprises, Inc. no earlier than May 15, 2019.

3. Thus, this Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b).

4. Moreover, this action satisfies the requirements for removal within the meaning of 28 U.S.C. §1332 in that:

   a) Plaintiff's and Defendant's citizenships are diverse;

   1) At all times material hereto, Plaintiff was and is a resident of the Commonwealth of Pennsylvania. According to the Complaint, plaintiff resides in Philadelphia, Pennsylvania. (See Exhibit A).

{J0494997.DOCX}5749160v1

2) At all times material hereto, Defendant, Werner Enterprises, Inc., was and is a corporation incorporated under the laws of the State of Nebraska with its principal place of business in Omaha, Nebraska.

5. According to the Complaint, plaintiffs seeks damages for, *inter alia*, the following:

> [V]arious serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multi-level cervical disc protrusions, cervical radiculopathy, cervical sprain and strain, aggravation of lumbar disc herniation, lumbar radiculopathy, lumbar sprain and strain, left shoulder sprain and strain, head contusion, and other ills and injuries all to plaintiff's great loss and detriment. (See Exhibit A, ¶10);
>
> [G]reat pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future (See Exhibit A, ¶11);
>
> [E]motional injuries along with physical injuries (See Exhibit A, ¶12); and
>
> [A] great loss of earnings and/or earning capacity (See Exhibit A, ¶13).

6. Therefore, a fair reading of the Complaint reveals that an amount in excess of $75,000 is in controversy in this suit.

WHEREFORE, defendant, Werner Enterprises, Inc., respectfully requests the above action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, be removed therefrom to this Court.

Respectfully submitted,

By: /s/ Dawn L. Jennings<br>
Dawn L. Jennings<br>
Jon Michael Dumont<br>
Attorneys for Defendant<br>
Werner Enterprises, Inc.

Dated: June 11, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid, upon:

Marc F. Greenfield
Spear Greenfield Richman Weitz & Taggart, P.C.
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
*Attorney for Plaintiff, Sadie Turner*

SALMON RICCHEZZA SINGER & TURCHI, LLP

By: _____
Dawn L. Jennings

Dated: June 11, 2019

{J0494997.DOCX}

SPEAR, GREENFIELD, RICHMAN, WEITZ & TAGGART P.C.
BY:  MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

*Filed and Attested by the Office of Judicial Records 24 APR 2019 03:12 pm A. SILGRINI*

**MAJOR JURY**

SADIE TURNER
8263 Williams Avenue
Philadelphia, PA 19150

    v.

WERNER ENTERPRISES, INC.
c/o National Registered Agents, Inc.
116 Pine Street 3rd Floor Suite 320
Harrisburg, PA 17101

Attorney for plaintiff

COURT OF COMMON PLEAS
COUNTY OF PHILADELPHIA
CIVIL TRIAL DIVISION

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 TTY: (215) 451-6197 | ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: (215) 238-6333 TTY: (215) 451-6197 |

Case ID: 190403647

## COMPLAINT IN PERSONAL INJURY
## 2V MOTOR VEHICLE ACCIDENT

1. Plaintiff, Sadie Turner is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Werner Enterprises, Inc., is a corporation doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this complaint, who at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees.

3. On or about September 15, 2017, plaintiff, Sadie Truner, operated a motor vehicle at or near Ridge Avenue and Midvale Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

4. At the same date and time defendant, Werner Enterprises, Inc., owned and operated a motor vehicle at or near Ridge Avenue and Midvale Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

5. Suddenly and without warning, defendant negligently and/or carelessly operated defendant's motor vehicle in such a manner as to strike the plaintiff.

6. As a result of this accident, plaintiff suffered severe and permanent bodily injuries as more fully set forth below.

## COUNT I
### Sadie Turner v. Werner Enterprises, Inc.
### Personal Injury

7.  Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

8.  The negligence and/or carelessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

   a. Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

   b. Failing to have said vehicle under proper and adequate control;

   c. Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff Sadie Turner's motor vehicle;

   d. Failing to operate a motor vehicle at a speed which would have allowed defendant to stop within an assured clear distance;

   e. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f. Being inattentive to defendant's duties as an operator of a motor vehicle;

   g. Disregarding traffic lanes, patterns and other devices;

   h. Failing to keep an adequate distance from other vehicles that were within the vicinity of defendant's vehicle;

   i. Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

   j. Failing to give plaintiff meaningful warning signs concerning the impending

incident;

k. Failing to exercise ordinary care to avoid injuring plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of said vehicle;

m. Striking plaintiff Sadie Turner's motor vehicle;

n. Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o. Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

9. The negligence and/or carelessness of defendant further consisted of the following:

a. Permitting an incompetent driver to operate the motor vehicle;

b. Failing to determine whether defendant driver possessed the necessary skills and/or possessed the necessary mental or physical ability to exercise such

       driving skills;

    c. Failing to determine whether defendant driver possessed a valid license or other requirements to drive and/or operate a motor vehicle;

    d. Failure to inspect defendant driver's prior history of bad driving;

    e. Failing to instruct defendant driver in the proper method of operating a motor vehicle;

    f. Failing to properly instruct the defendant driver on how to properly operate his or her motor vehicle and its warning apparatus in an emergency situation;

    g. Failing, as defendant driver's authority, to control defendant driver's conduct in regard to the manner in which defendant driver were operating the motor vehicle at the aforesaid time and place as herein before described;

    h. Failing to maintain said vehicle in a safe condition; and,

    i. Allowing this dangerous, unsafe and defective motor vehicle to be operated on a public highway.

10. As a direct result of the negligent and/or careless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multi-level cervical disc protrusions, cervical radiculopathy, cervical sprain and strain, aggravation of lumbar disc herniation, lumbar radiculopathy, lumbar sprain and strain, left shoulder sprain and strain, head contusion, and other ills and injuries all to plaintiff's great loss and detriment.

11. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12. As an additional result of the carelessness and/or negligence of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

13. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

14. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1701, et. seq., as amended, and/or Worker's Compensation Benefits, pursuant to Act 57, for which plaintiff makes claim for in the present action.

WHEREFORE, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

SPEAR, GREENFIELD,
RICHMAN, WEITZ & TAGGART P.C.

BY: MARC F. GREENFIELD, ESQUIRE

**INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS EFFECTUATED.**
ejc

## VERIFICATION

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

x*Sadie Turner* (signature)

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

19-2541

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sadie Turner

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Spear, Greenfield, Richman, Weitz & Taggart, P.C.: Two Penn Center Plaza, Suite 200, 1500 JFK Boulevard, Philadelphia, PA 19102

## DEFENDANTS
Werner Enterprises, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Dawn L. Jennings / Jon Dumont
Salmon Ricchezza Singer & Turchi, LLP

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE
DOCKET NUMBER

DATE: 06/11/2019
SIGNATURE OF ATTORNEY OF RECORD

JUN 11 2019

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __8263 Williams Avenue, Philadelphia PA 19150__

Address of Defendant: __1507 Frontier Road, Omaha, NE 68138__

Place of Accident, Incident or Transaction: __Philadelphia, Pennsylvania__

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/11/19__   _____   __68939__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify): _____*

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify): _____*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

JUN 11 2019

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SADIE TURNER | : | CIVIL ACTION |
| v. | : | |
| WERNER ENTERPRISES, INC. | : | NO. 19   2541 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 6/11/19 | | Defendant Werner Enterprises, Inc. |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-606-6600 | 215-279-9732 | djennings@srstlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 11